## BIRD v. DANIEL.

1. A single count in assumpsit upon several promissory notes, is good.
2. A count upon eight promissory notes is sufficiently precise, which alledges that they all bear the same date, (which is stated,) and that the plaintiff is the payee ; three of them payable on the 1st day of December, 1842, for the sum of forty-five dollars each; four others for the same amount, payable twelve months thereafter ; the eighth payable on the latter day, for twenty-five dollars.
3. Where the plaintiff declares in one count upon several notes, it is not indispensable to his right to recover, that he should produce them all at the trial, but he may claim a verdict upon so many as he adduces.
4. The vendee of land, who executes his note for the purchase money, takes possession, and retains it, cannot successfully resist, at law, the payment of the note, upon the ground that *some of the vendors* were infant heirs, and no administration had been granted on the estate of their [ancestor, who died intestate.
5. An agent to whom a promissory note is payable, may maintain an action thereon in his own name.

Writ of Error to the Circuit Court of Lowndes.

THIS was an action of assumpsit, at the suit of the defendant in error, against the plaintiff. The declaration contains but a single count upon eight promissory notes. To this the defendant demurred, and his demurrer being overruled, he pleaded over, and the cause was submitted to a jury, who returned a verdict for the plaintiff, and judgment was rendered accordingly. On the trial the defendant excepted to the ruling of the court. It appears from the bill of exceptions, that the plaintiff offered as evidence seven promissory notes, corresponding in description with those set out in the declaration ; that the defendant objected to their admission, but his objection was overruled, and the notes permitted to go to the jury.

Evidence was then adduced by the defendant, tending to show, that the consideration of the notes, was the purchase of a tract of land belonging to, and the title to which was in,

one Tyra Kelly, (in his lifetime,) who died in possession of
the same, leaving several heirs, some of whom were still in
their minority.   After the death of Kelly, some of his heirs
agreed to offer the land in question for sale, at public auction
—no administration having been granted on the estate.  The
plaintiff was not an heir of Kelly, and had no interest in his
estate, or in the proceeds of the notes in suit; but merely act-
ed as agent of the heirs, and for their accommodation in sel-
ling the land.   It was proved that the defendant took posses-
sion under his purchase, and still retained it.

The defendant prayed the court to charge the jury, that if
they believed the facts stated above, they could not find for
the plaintiff; which charge the court refused, and instruct-
ed the jury, that these facts constituted no defence to the
action.

T. J. JUDGE, for the plaintiff in error, insisted—1. That
the declaration was bad, and that there should have been a
count upon each note.   2. That the description of the notes
is not sufficiently accurate and precise.   3. That the con-
tract for the sale of the land was not evidenced by writing,
and consequently void by the statute of frauds; and to enti-
tle the defendant so to treat it, it was not necessary that he
should have demanded title of Kelly's heirs.   Such a demand
would be unavailing; as some of the heirs are minors.   [7
Ala. Rep. 129; Id. 348.]   4. The sale was unauthorized, as
only a part of the heirs were competent to assent to it.   5.
It is submitted that the payee of the notes, as he has no
interest, can maintain no action upon them in his own name
only.   [4 Ala. Rep. 194.]   Does not policy require, that in all
cases of intestacy, an administrator should be appointed to
adjust the estate?

N. COOK, for the defendant in error.   An agent may take a
note payable to himself, and his principal may sue in the
name of the payee.   [7 Cow. Rep. 174.]   Where one pur-
chases land, takes and retains possession under his purchase,
he cannot successfully defend an action for the purchase mo-
ney.   [1 Ala. Rep. 622; 4 Id. 21, 362.]   The declaration is
certainly good.   [Minor's Rep. 263.]

COLLIER, C. J.—1. It was not necessary to declare· upon each note in a separate count.    If authority be demanded upon this point, the case of Dade v. Bishop, Minor's R. 263, is conclusive. · There, one count in *assumpsit*, described four promissory notes, for fifty dollars each; and the court held, that the declaration was unexceptionable.

2. In respect to the description of the notes in the declaration, we think it was entirely sufficient.    It is alledged, that all of the notes bear the same date, (which is explicitly stated,) and made payable to the plaintiff; three of them payable on the 1st day of December, 1842, are for the sum of forty-five dollars each; four of them for the same amount each, are payable on the 1st of December, 1843, and one of them for the sum of twenty-five dollars, payable on the latter day. All these notes, with the exception of one of the forty-five dollar notes, payable on the 1st December, 1843, were laid before the jury, to sustain the plaintiff's cause of action. As the notes are entirely disconnected with each other, we think the production of seven entitled the plaintiff to recover *pro tanto*.    The failure to produce the eighth note, was not a variance which would authorize the exclusion of the notes correctly described.

3. The question raised at the bar, by the plaintiff in error, upon the statute of frauds, is not presented by the record. There is nothing to show that the sale of the land was not evidenced by writing, so as to take the case out of the statute. For any thing appearing to the contrary, the heirs of Kelly who had attained their majority, may have appointed the plaintiff their agent to sell the land, by writing under seal; or if no such appointment was made, they may have subsequently recognized his authority, and executed a conveyance in due form to the defendant.   ..

As the case is stated in the bill of exceptions, it is simply this: the defendant has purchased a tract of land, executed his notes for the purchase money, taken possession, and still retains it; some of his vendors being yet in their minority, he objects to the payment of the notes.  This is nothing more than the common case of the vendee of land attempting to resist an action at law, for defects in the title, without having rescinded the contract and renounced the possession.    We have repeatedly held, that the remedy of the

vendee, in such case, cannot be made available by way of defence to a suit for the purchase money; but Chancery is the proper *forum* in which he should seek redress. The fact that some of the heirs were infants, and no administration was granted upon the intestate's estate, cannot make these principles inapplicable.

4. Conceding that the plaintiff is not entitled to the proceeds of the note when collected, we think it competent for him, as its payee, to maintain an action thereon in his own name. Mauran v. Lamb, 7 Cow. Rep. 174, is an authority to show, that an agent may maintain a suit upon an indebtedness acknowledged in writing.

The consequence is, that the judgment of the Circuit Court must be affirmed.