(122 So. 635)
### MORROW v. SHUFF. (6 Div. 308.)

Supreme Court of Alabama. May 23, 1929.

Nash & Fendley, of Oneonta, for appellant.

J. T. Johnson, of Oneonta, for appellee.

SAYRE, J. ▮ A single count declaring upon several promissory notes, arising out of the same transaction, is good. Dade v. Bishop, Minor, 263; Bird v. Daniel, 9 Ala. 302; Woodall & Sons v. People's Nat. Bank, 153 Ala. 576, 45 So. 194.

Plaintiff, appellee, insisted that the several promissory notes in suit which had been executed by one Cook and made payable to defendant had been indorsed by defendant to him in payment for his (plaintiff's) half interest in a stock of goods and a mercantile business at Parrish in Walker county. Defendant insisted that he and plaintiff, owners in common of the business and stock of goods, had joined in a sale to Cook; that Cook delivered to him a short while afterwards 10 promissory notes in payment, the notes being made payable to defendant alone, and that he had indorsed one-half of the notes in suit to plaintiff in order to effect a proper division of the purchase price of the business and stock of goods. Each party adduced evidence in support of his version of the transaction, but the court, after the evidence had been closed, excluded all that adduced by defendant, and gave the general charge for plaintiff. These rulings, among others that need not have special attention, are assigned for error.

▮▮ If the jury would have accepted defendant's version of the facts, then defendant had a good defense. If plaintiff had purchased the notes without notice of the defense, was, in short, a bona fide holder for value, i. e., a holder in due course, to use the language of the statute, then of course defendant would have to pay. Bluthenthal & Bickart v. Columbia, 175 Ala. 401, 57 So. 814; Brown v. Bank, 103 Ala. 123, 15 So. 435. But, necessarily, if defendant's version of the facts, and his testimony in support of it, was true, plaintiff was fully informed since he was a party to the transaction, not a remote indorsee, gave no value for the defendant's indorsement, and no court of law or equity would compel him to pay. 8 C. J. pp. 496–498, §§ 707–709. The proposition involved is thus correctly stated by the Court of Appeals in Stone v. Goldberg & Lewis, 6 Ala. App. 249, 60 So. 744: "As between the parties and all others not bona fide holders a negotiable promissory note occupies the same position, in a suit for its collection, as a promissory note which is not negotiable, and is subject to the same identical defenses." 8 C. J. 465.

Accordingly, the judgment here is that the trial court was in error in the particulars mentioned above.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.