98 So.2d 606

**Phillip W. KESSLER**

**v.**

**Antonia K. PECK.**

**6 Div. 15.**

Supreme Court of Alabama.

May 9, 1957.

Rehearing Denied Nov. 21, 1957.

Rogers, Howard & Redden, Birmingham, for appellant.

Albert Boutwell and Wm. H. Ellis, Birmingham, and Geo. M. Winwood III, Springfield, Ohio, for appellee.

[On Rehearing]

STAKELY, Justice.

On application for rehearing we have concluded that the original opinion should be withdrawn and the present opinion substituted in lieu thereof. While we feel that the opinion should be rewritten, the result under the facts in the case at bar will not be different.

This case comes to this court on an appeal by Phillip W. Kessler (appellant), who was defendant in the court below, from a judgment in favor of Antonia K. Peck (appellee), rendered in the amount of $20,918 for deceit, growing out of a building deal. The case, which was filed February 7, 1951, was tried before the court without the intervention of a jury. After the foregoing judgment was rendered, there was a motion for a new trial made by the appellant, which was overruled and thereafter this appeal followed.

The defendant, Phillip W. Kessler, who was in the construction business and also engaged in his profession as an architect, entered into a written contract with the plaintiff on August 13, 1948, which was comprised of two separate instruments, one of which was for architectural services and the other of which was for the construction of an apartment building in Cincinnati, Ohio. The defendant represented at this time to the plaintiff that he was solvent and able to pay his obligations and was in a sound financial condition. He further suggested to the plaintiff, an elderly lady, that she did not need a lawyer since his lawyer, already retained, could act for both. On this date the initial payment of $13,500 was made to the defendant. The construction of the building began and within the next four or five months additional payments were made by the plaintiff to the defendant, totaling $7,418. While the work was in progress an effort was made to secure a permanent loan on the property and at one of the meetings at the office of the loan company, the defendant was requested to show evidence of payment for materials and labor used in the construction to date. He did not at this time produce such evidence or make any satisfactory explanation for his failure to do so. On all occasions subsequent to the date the original contract was signed, defendant informed plaintiff

that he had paid all bills for labor and materials. Following the conference at the loan company office, the defendant was not seen again by the plaintiff or her daughter and the record appears to be silent as to his whereabouts at that time. However, a suit was filed in Hamilton County, Ohio, and in 1950 it was contended by defendant's counsel that the defendant was a non-resident of Ohio and a resident of Alabama.

The plaintiff made an effort to dispose of the property and finally accepted an offer of $10,000, which was the best offer she got. This transaction was completed on December 21, 1949. The $10,000 received was the exact amount that the plaintiff paid for her lot, hence she was still out the sum of $20,918.

During the trial of the instant case the defendant took the stand and was cross examined. The plaintiff had a stroke after her dealings with the appellant, became ill and was "in no shape to testify."

Subsequent to the disappearance of the appellant before completing the building, the appellee filed a suit against the appellant in an Ohio State Court. In this suit he successfully quashed service as a non-resident of Ohio. Thereafter the appellee sued appellant in the Federal Court in Birmingham, Alabama, and in that case Phillip W. Kessler claimed to be a citizen of Ohio and showed that he knew that the Ohio State case had been filed against him. He testified in his own defense in the federal court case and in the instant case made various statements relative to his statements in the federal court case as to his home. The case in the Federal Court in Birmingham was dismissed by the Court on January 12, 1951, on motion of the defendant for failure of proof of diversity of citizenship, which means, in effect, that the court found that appellant was a resident of Ohio.

Phillip W. Kessler testifying in his own behalf, made various admissions relative to letters, etc., received by appellee and in particular that the initial payment of $13,-500 was deposited to the credit of the firm of which he was the sole owner. The same admission was made with reference to other payments made to the appellant. He also admitted dictating and even signing the letter addressed, "To Whom it May Concern," to which we shall later refer.

■ I. It is argued that the court was in error in overruling the demurrer to Count One of the complaint. We see no point in discussing the ruling of the court on the demurrer to Count One since the judgment of the court did not specify on which count the judgment was rendered. The judgment will be referred to the good count if there is evidence to sustain it; furthermore, the judgment will not be reversed because of the trial court's erroneous ruling on the demurrer to the defective count. Trammell v. Robinson, 34 Ala.App. 91, 98, 37 So.2d 142. It is our belief that Count Three, as amended, states a cause of action and that there is sufficient evidence to permit recovery by the plaintiff on this count.

The grounds of the demurrer for the most part specify and limit their application to Counts One and Two. When Count Three, as amended, was filed, the demurrer, as filed, was simply refiled to the complaint, as amended. It seems to be argued that the demurrer should have been sustained to Count Three, as amended, because the count undertakes to set up three separate and distinct tort actions. We find no apt ground of demurrer raising this question as to Count Three. Campbell v. Jackson, 257 Ala. 618, 60 So.2d 252.

In addition thereto it is our judgment that Count Three, as amended, does not set up three separate and distinct tort actions. On the contrary, it seeks recovery of payments made under a contract which was fraudulently induced by the defendant. Count Three, as amended, is a count claiming $30,000 as damages in connection with a contract that provided for the construction of a building. It is alleged that the plaintiff has duly performed all of the con-

ditions required by the contract to be performed on her part. It is further alleged that the plaintiff paid to the defendant under said contract the following amounts on the following dates: August 13, 1948, the sum of $13,500; January 17, 1949, the sum of $1,358; on January 17, 1949, the sum of $1,880 and on March 22, 1949, the sum of $4,000. It is further alleged that at or immediately prior to the time said sums were paid by the plaintiff to the defendant, the defendant stated to the plaintiff that he was in sound financial condition, had paid all the laborers and materialmen who had done work or supplied material which went into the construction of the building provided for in the contract. It is further alleged that the plaintiff relied on said representations and paid said sums of money to the defendant in reliance thereon. It is further alleged that such representations were false in that the defendant was not in a solvent financial condition and was actually insolvent at the time said representations were made and that many of the laborers and materialmen had not been paid for their labor and materials which went into the construction of the building being constructed under said contract.

We understand that the Alabama law does not authorize the joining of several independent and distinct torts constituting separate causes of action in one count. But one count may contain several distinct and independent averments each of itself stating a good cause of action, provided it is the same cause of action in all the averments. Sloss-Sheffield Steel & Iron Co. v. Smith, 166 Ala. 437, 52 So. 38; Mazer v. Brown, 259 Ala. 449, 66 So.2d 561. For example, a single count declaring upon several promissory notes arising out of the same transaction is good. Morrow v. Shuff, 219 Ala. 395, 122 So. 635. Here we have several payments procured by the defendant from the plaintiff "in accordance with a single sustained method pursued in executing one general scheme." It is a single cause of action though it consists of more than a single act. Lehigh Portland

Cement Co. v. Donaldson, 231 Ala. 242, 164 So. 97.

There was no reversible error in the ruling of the court as to Count Three as amended.

II. Assignments of error are based on the introduction in evidence of photostatic copies of the checks given by Mrs. Antonia Peck and which have been hereinabove referred to. Photostatic copies constitute secondary evidence and ordinarily are not admissible unless a proper predicate has been laid. Hosey v. Southport Petroleum Co., 244 Ala. 45, 12 So.2d 93. However, the appellant cannot complain of the admission of these photostatic copies because of his own admission when he took the stand. For example, with reference to the check for $13,500, he admitted that he got the $13,500 personally. It was deposited to the credit of Atlas Construction Company which he owned. With reference to the check for $1,880 he admitted that this was a true picture of his signature and that his wholly owned business, Atlas Construction Company, also got that money. He did not deny receiving the $1,538 check, the subject-matter of various assignments of error and admitted receiving and depositing the $4,000 check, the subject-matter of other assignments of error. He admitted causing the letter, the subject-matter of assignments of error No. 13, to be written (this is the letter written To Whom it May Concern), and with reference to a letter written on the stationery of Phillip W. Kessler, Architect, he stated that he did not sign this letter but it was sent out under his instructions. We cite these matters as evidencing a considerable number of writings introduced in evidence in which no prejudice resulted to the appellant. Supreme Court Rule 45, Code 1940, Tit. 7, Appendix. Further specific reference to these various matters does not appear to be necessary.

III. The plaintiff introduced in evidence claims for liens which were filed

in Ohio and it is contended that because of the failure to prove the lien law of Ohio, the instruments could not be received in evidence as liens against the property here involved. The court is of the opinion that it was not necessary to prove under the averments of Court Three, as amended, that the liens were legally valid. In Count Three, as amended, the averment of one alternative is that "many of the laborers or materialmen had not been paid for their labor and materials" and in the alternative that "a large number, namely, viz, nine of said laborers or materialmen filed liens against the property." Accordingly, we consider that the trial court did not commit prejudicial error in the admission of the so-called lien claims.—Supreme Court Rule 45.

**IV.** The cause of action relied on in this case by the plaintiff is for deceit and it is insisted that this cause of action is barred by the statute of limitations of one year. Broadus v. Lindsey, 17 Ala.App. 342, 84 So. 776; § 26, subd. 5, Title 7, Code of 1940. Section 34, Title 7, Code of 1940, provides in substance that when any person is absent from the state during the period in which a suit might have been brought against him, the time of such absence must not be computed as a portion of the time necessary to create the bar of the statute of limitations. However, while it is true that absence from the state and not non-residence from the state tolls limitations under the statute of limitations, proof of defendant's nonresidence at the time of the accrual of the cause of action is prima facie evidence and raises a rebuttable presumption of defendant's continuous absence. Sims v. Tigrett, 229 Ala. 486, 158 So. 326. Consequently, we do not believe that Phillip W. Kessler has carried the burden of his plea. For example, on cross examination he admitted that he had previously testified in the Federal Court that his home was Cincinnati, Ohio; that he had always considered Cincinnati his home and that at the time of the trial in the Federal Court in Birmingham, namely

January 12, 1951, he considered Cincinnati, Ohio, as his home. The court believes that this evidence gave the trial court ample ground on which not to believe the appellant's testimony as to his physical presence within the state.

Besides the actions of the appellant in our judgment amount to an estoppel of his right to plead the Alabama Statute of Limitations of one year. For example, he got the case instituted against him in Ohio thrown out saying in effect, "I am a non-resident of Ohio." Without question that case had been brought within the four years of the Ohio Statute. He then reversed his previous statement and plead in Alabama, when sued in Alabama in the federal court, saying in effect, "I am a citizen of Ohio." And now he pleads the Alabama Statute of Limitations when sued in Alabama in the state court.

The authorities did not approve such tactics. 34 Am.Jur. p. 323 et seq.; 53 C.J.S. Limitations of Actions, § 24, p. 962. While Alabama does not appear to have a case, so far as we can ascertain dealing with the question of estoppel to plead the statute of limitations, there are Alabama cases recognizing the existence of the principle of estoppel because of one's actions in a court. First National Bank v. Burch, 237 Ala. 680, 188 So. 859; Elliott v. Vance, 239 Ala. 180, 194 So. 515.

The result is that not only do we consider that the appellant has failed to prove his presence in Alabama for a time sufficient to create a bar under the statute of limitations where the cause of action arose in another state (Holley v. Coffee, 123 Ala. 406, 26 So. 239), but we also consider that the conduct of appellant has estopped him from pleading the Alabama Statute of Limitations.

Upon a consideration of the entire record, it is our judgment that none of the errors complained of have injuriously affected the substantial rights of the appellant. The

cause is, therefore, due to be affirmed and the application for rehearing is overruled.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, and MERRILL, JJ., concur.