159 So.2d 621

**Floyd MILFORD, d/b/a Floyd S. Milford, General Contractors,**

**v.**

**Odell TIDWELL et ux.**

**6 Div. 925.**

Supreme Court of Alabama.

May 30, 1963.

Rehearing Denied July 3, 1963.

Mead, Norman & Fitzpatrick, Birmingham, for appellant.

Wilson & Wilson, Jasper, for appellees.

SIMPSON, Justice.

Appeal by the defendant from a judgment on the jury's verdict in favor of the plaintiff in the amount of $2,100.00. The suit was brought to recover for damages to real property allegedly sustained through blasting operations conducted by the defendant in constructing a highway.

The complaint, as drawn in three separate counts, seeks to predicate liability under two theories, i. e., negligence and trespass (absolute or strict liability). All three counts were submitted to the jury.

Count one, claiming damages and alleging ownership of the real property, sounds in negligence and charges that the defendants, their agents or employees, while acting within the line and scope of their authority, "negligently injured and damaged the plaintiffs by negligently setting off excessive or large amounts of dynamite or other explosives near the premises of the plaintiffs, and as a proximate consequence and result thereof plaintiffs were injured and damaged as follows: * * *".

Count two, grounded in trespass, charges that the defendants "set off excessive or large amounts of dynamite or other explosives near the premises of the plaintiffs and caused large rocks, stones and other debris to be hurled through the roof of plaintiffs' dwelling house and out-buildings and as a proximate consequence and result thereof plaintiffs were injured and damaged as follows: * * *". This count sufficiently charges a direct trespass which is held to be one of strict or absolute liability. Ledbetter-Johnson Co. v. Hawkins, 267 Ala. 458, 103 So.2d 748; Bessemer Coal, Iron & Land Co. v. Doak, 152 Ala. 166, 44 So. 627, 12 L.R.A.,N.S., 389.

Appellant first argues that the lower court erred in overruling its demurrer to Count three of the complaint, asserting that Count three failed to state a valid or legal basis for recovery of damages under the Alabama law. We pretermit any consideration of Count three, inasmuch as the verdict of the jury was general and there was evidence to sustain the other two counts, as we will hereafter show. Kessler v. Peck, 266 Ala. 669, 98 So.2d 606; Alabama Steel and Wire Co. v. Thompson, 166 Ala. 460, 52 So. 75; Trammell v. Robinson, 34 Ala. App. 91, 37 So.2d 142.

There is no dispute in the case at bar that there was a direct trespass upon the land and home of appellees. This was clearly alleged and proved. In fact, in one instance it appeared without conflict that a large rock was thrown through the roof of appellees' home and came crashing down into their kitchen.

■ Appellant argues in relation to Count two, that certain damages were catalogued that could not properly be predicated on a count charging absolute liability or trespass but could only be attributed to negligence, i. e., damages caused by concussion and sound wave shock or other consequential damages. This is, of course, the rule in our jurisdiction. Bessemer Coal, Iron & Land Co. v. Doak, supra; Ledbetter-Johnson Co. v. Hawkins, supra. But the rule has been constantly reiterated that where improper elements of damages are claimed the objection thereto must be taken by motion to strike, objections to evidence, or by requests for instructions, and not by demurrer. See 16 Ala.Dig., Pleading, ⬯193 (8). It must be noted that any damages from concussion or sound waves would be admissible in evidence under Count one of the complaint as it charges negligence.

■ Appellant urges the trial court committed error in giving the jury oral instructions which in effect charged that they might award punitive or exemplary damages if they were reasonably satisfied the agents of the defendants (appellants) inflicted damage maliciously, recklessly, wantonly or under circumstances of aggravation in disregard of appellees' rights. The instruction was correctly limited by the trial court to Counts two (and three), charging trespass. The charge was a correct instruction of law. Mitchell v. Billingsley, 17 Ala. 391 (1850); Garrett v. Sewell, 108 Ala. 521, 18 So. 737; Snedecor v. Pope, 143 Ala. 275, 39 So. 318. Was the charge justified under the facts? We believe that it was. It was in evidence that the blasting continued for a period of six to eight weeks, during which time rocks, mud, and other debris were thrown upon the property and home of appellees. It was also shown that at all times appellees were frightened and had on two occasions complained of damage to their property. On occasion, appellant's agents had attempted to repair some of the damage to appellees' residence but the blasting continued with its ill effects to appellees' property. All of the blasting was handled by a negro man in appellant's employ. The reason given by appellant's expert witness for the rocks, mud and debris being thrown on appellees' home and land was an unusual formation of land mass under the earth. This was the first blast that threw the material on appellees' property. But even after this was discovered, the blasting continued with its damage to appellees' property. There can be no doubt that appellant had knowledge of these conditions but still the blasting continued. Our Court stated in McNickle v. Stripling, 259 Ala. 576, 67 So.2d 832, quoting from Godfrey v. Vinson, 215 Ala. 166, 169, 110 So. 13, 16:

> " 'Wantonness may arise from knowledge that persons, though not seen, are likely to be in a position of danger, and with conscious disregard of known conditions of danger and in violation of law [defendant] brings on the disaster.' "

We have more often spoken of wantonness in regard to personal injury actions but the principle involved in actions for property damage is the same. The rule above cited is here apposite. Under the evidence we think the lower court properly charged the jury on wantonness.

■ Appellant argues that the trial court erred in refusing to give the general affirmative charges both with and without hypothesis to Count one of the complaint, because he contends there was not a scintilla of evidence of negligence in the blasting on appellant's part. We merely repeat for emphasis some well known rules. The general affirmative instruction should not be given if there is slight evidence or a reasonable inference therefrom. Morgan-Hill Paving Co. v. Thomas, 223 Ala. 88, 134

**114**

So. 480; and other cases cited in 18–A Ala. Dig., Trial, ☞168. In deciding whether the defendant has a right to the affirmative charge with hypothesis, the evidence must be considered in the light most favorable to the plaintiff, allowing such reasonable inferences as could be drawn by the jury. Bankers Fire & Marine Ins. Co. v. Bukacek, 271 Ala. 182, 123 So.2d 157, 84 A.L.R.2d 672. Or, stated another way, the evidence offered by the party against whom the affirmative charge is sought must be accepted as true. Greyhound Corp. v. Brown, 269 Ala. 520, 113 So.2d 916. Guided by these principles and considering the evidence in this light, we fail to see how appellant was due either affirmative charge. We have set out evidence which we believe constitutes a scintilla of wantonness in justifying the trial court's oral instruction on punitive or exemplary damages and we believe this is also sufficient to constitute a scintilla of negligence. We entertain the view, therefore, that the trial court did not commit error in allowing Count one to go to the jury, as well as Count two.

■ Appellant argues finally that the lower court erred in refusing its requested charge numbered three:

"I charge you that you cannot award plaintiffs any sum as eximpliary [sic] damages."

The argument is untenable. It ignores the principle relating to exemplary damages adverted to hereinabove. The charge is also incorrect, containing a misspelled word.

We are at the conclusion that no error to reverse is made to appear.

Affirmed.

───◆───

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.

On Rehearing

SIMPSON, Justice.

■ Appellants urge in their application for rehearing that the rule of harmless error has no application to the overruling of the demurrer to Count 3 of the complaint because, they argue, the evidence to prove Counts 1 and 2 would be insufficient to prove Count 3, citing Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 So. 804. However, a comparison of Counts 2 and 3 plainly shows that the facts stated in the two counts are substantially similar, the only difference being that the direct trespass charged in Count 3 is embodied as an element of damages. In the Woodward case, where the Court was speaking of the rule of harmless error in relation to a defective count it was stated: "In the absence of other pleading, stating substantially the same facts, suggesting and requiring the same evidence" the rule of harmless error did not apply. Here, however, it is manifest that the rule of harmless error would apply insofar as overruling the demurrer to Count 3, if in fact the demurrer was well taken, which we deem it unnecessary to here determine.

■ ■ Appellant also argues that we have in effect held that wantonness was tantamount to negligence in holding there was a scintilla of evidence of negligence in the record. We do not so construe our holding. In Thompson v. White, 274 Ala. 413, 149 So.2d 797, it was stated that wantonness and negligence cannot exist in the same act or omission but are distinct colorings of a wrong to another's injury. We have not impinged upon this rule, whether or not the rule stated a correct principle. In our opinion we stated: "We have set out evidence which we believe constitutes a scintilla of wantonness in justifying the trial court's oral instruction on punitive or exemplary damages and we believe this is also sufficient to constitute a scintilla of negligence". We think our statement of the facts also shows a scintilla of evidence of negligence since appellant continued blasting operations near the property of appellee even after the initial blast which cast mud, rocks and other debris upon appellee's property. This foreknowledge and conscious disregard of a defect under the earth's surface which caused the casting of

mud, rocks, etc. upon appellee's property would also be sufficient to constitute a scintilla of evidence of negligence.

The appellants' contentions on rehearing impress us as without merit.

Opinion extended and application for rehearing overruled.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.