This is a promissory note case.
In 1971 Mr. Vetter executed a note for $15,504.68 to a certain Louisiana bank. On December 3, 1976 the Louisiana bank was declared insolvent by the state's Commission of Financial Institutions and the note of Mr. Vetter was later sold to the Federal Deposit Insurance Corporation (F.D.I.C.). Thereafter, from January 12, 1977 to August 4, 1978, Mr. Vetter made nine principal and interest payments to F.D.I.C. upon this note which totaled $3,273.62 according to the records of F.D.I.C.
F.D.I.C. sued Mr. Vetter upon the note for $6,670.80, plus interest, attorneys' fees and costs. Mr. Vetter pleaded the general issue as his answer. Pursuant to Alabama Rules of Civil Procedure rule 36, Mr. Vetter was requested by F.D.I.C. to admit that a certain photostatic copy of the note sued upon, which was attached to the complaint *Page 445 
as well as to the requests for admissions, was a genuine copy of the note executed to the Louisiana bank by Mr. Vetter on October 18, 1971, and that there remained owing on that note the amount of $6,670.80 plus interest accruing from August 4, 1978. In his responses, Mr. Vetter admitted that the copy of the note was genuine and that he owed part of the debt evidenced by the note.
Immediately before the commencement of the testimony of the witnesses, the trial court inquired as to whether the only issue concerned the amount owed upon the note. The attorney for Mr. Vetter responded that he had some question about copies of the note, that the best evidence rule would require the production of the original and that section 7-3-307, Code 1975, would also require the plaintiff to produce the note in order to prevail in the suit. After further colloquy with the attorneys, the trial court stated, "I'm going to let the note in."
Mr. Smith, a liquidator at large for F.D.I.C., testified, among other things, that he was familiar with the note in question and that the exhibit marked as plaintiff's exhibit 1 was a copy of the note. Upon the offer of that photostatic copy of the note into evidence, Mr. Vetter's objection was, "Over my objection on the basis of the best evidence rule." That objection was overruled by the court. Mr. Smith further swore that the original note was still in F.D.I.C.'s records as far as he knew and that he did not bring it with him to the trial because he was not requested to do so. The attorney for F.D.I.C. stated that he had not anticipated any problem on that issue in view of Mr. Vetter's response to the request for admissions.
Mr. Vetter did not testify as to any defensive matter, his sole evidence being, in substance, that the copy of the note which had been introduced into evidence was signed by him in New Orleans.
The trial court entered a judgment for F.D.I.C. and against Mr. Vetter for $10,620, which included attorneys' fees and interest. The amount involved, excluding interest, does not exceed this court's jurisdictional amount, hence the recent transfer of this case to this court from the supreme court. Upon his appeal, Mr. Vetter argues that the trial court erred in admitting into evidence the photostatic or Xerox copy of the note over his objection.
He first contends that production of the note was required by section 7-3-307 (2), Code 1975. This section states that, when signatures are admitted or established, the production of an instrument entitles a holder to recover on it unless the defendant establishes a defense.
When the note was introduced into evidence, Mr. Vetter's only objection was based upon the best evidence rule. The statement made to the court before the start of the testimony involving the requirements of that code section as one of the trial issues was not an objection as such. Indeed, if it was an objection, it was premature, for the copy of the note had not been introduced at that point. Stephens v. Central of GeorgiaRailroad Co., 367 So.2d 192 (Ala. 1979). "Such matter was not called to the court's attention at the time of the objection, and if of any merit, should have been. The ground now argued was therefore waived." Ennis v. Whitaker, 281 Ala. 563,206 So.2d 367 (1968). If specific grounds of objection are made to the introduction of evidence, all other grounds are waived.Vredenburgh Saw Mill Co. v. Black, 251 Ala. 302, 37 So.2d 212
(1948); Associates Capital Corp. v. Bank of Huntsville,49 Ala. App. 523, 274 So.2d 80 (1973). Here, the only ground of objection which was made at the proper time to the introduction of the note concerned the best evidence rule. Any objection regarding the code section was therefore waived.
Mr. Vetter could not prevail on the merits of that issue, for the code section places no requirement in cases upon promissory notes that the original note must be produced as a prerequisite to recovery thereon. Even if a party suing upon a note is required to offer proof at trial that he then possesses the instrument sued upon, such would be a factual issue. Here, there *Page 446 
was uncontroverted evidence that F.D.I.C. owned and was in possession of the note. Indeed, Mr. Vetter had made numerous payments to them upon this note over an extended period of time. The ore tenus rule is fully applicable to this issue and we are not authorized to cast aside the determination of the trial court thereon, for that court was not palpably wrong.
The second argument of Mr. Vetter is that the best evidence rule applied and that a photostatic or Xerox copy of the note was secondary evidence and was inadmissible unless it fell under an exception to that rule. Kessler v. Peck, 266 Ala. 669,98 So.2d 606 (1957).
The responses of Mr. Vetter to the requests for admissions conclusively established that the copy of the note was genuine and that he owed some of the note's indebtedness. Further, he testified at the trial itself that he signed the note in New Orleans and that his signature was upon the copy of the note. His responses to the requests for admissions and his trial testimony each constituted such admissions in court by Mr. Vetter as to render applicable the judicial admission exception to the best evidence rule. That exception is well stated as follows:
 "If a party, while testifying as a witness, admits that a writing then exhibited to him is a correct copy of the original writing, the copy is admissible against him although no excuse is shown for nonproduction of the original. Stated differently, a party's formal admission in open court that a document then before the court is a correct copy of the original, obviates any necessity for production of the original.
 "It has also been held that, where a party admits the facts which a writing evidences, the opponent may offer secondary evidence without producing, or giving excuse for not producing, the original writing." (Footnotes omitted.)
C. Gamble, McElroy's Alabama Evidence § 227.02 (3d ed. 1977).
Because of the rule 36 admission of Mr. Vetter, as well as his testimony before the trial court, he cannot complain of the introduction into evidence of the photostatic copy of the note. His only stated objection to that evidence, the best evidence rule, had no application because of the judicial admission exception thereto. Kessler v. Peck, supra.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
Affirmed.
BRADLEY and HOLMES, JJ., concur.
WRIGHT, P.J., concurs in the result.