Dale County Farmers Co-op, Inc., a corporation, sued Ward, alleging that he was indebted to the Co-op in the amount of some $16,000.00 due by open account or by *Page 979 
account stated for fertilizer furnished to Ward. Ward denied the debt and filed a counterclaim, alleging that the fertilizer was not suitable for the use for which it was intended.
The case was tried to a jury, which returned a verdict in favor of the Co-op. Ward appeals. We affirm.
The evidence establishes that the Co-op supplied fertilizer and other items to Ward for use on his coastal bermuda hay crop during 1982. He did not pay for the materials because he was dissatisfied with the crop. He contends that the fertilizer caused the unsatisfactory crop, and the Coop contends otherwise. The jury obviously believed the Co-op's version.
On appeal, Ward contends that reversible error occurred when the court allowed into evidence the following letter addressed to Ward by the local manager of the Co-op:
"14 September, 1982
"Dear Mr. Ward:
 "We fertilized your hay fields in March 1982. Several weeks later you complained of non performance. We went back at your request with Am Nitrate. Next we pulled soil samples and sent to Waters Lab for analysis, these reports showed fertility deficiency and low PH. Next we got Dr. Hoyum from Auburn to come down — pull soil samples, grass samples and personally analyzed each. His report was low fertility and low PH — possibly minor elements. You said whatever the hay fields need to put it on that you had to have hay this year, next year and thereafter so we applied potash and more Am Nitrate.
 "Mr. Ward, we now need full payment for services and materials rendered in good faith. If we don't have full payment by September 30, 1982 we have no alternative but to seek legal action.
 "Sincerely, "/s/ Earl Johnston"
Ward contends that the admission of the letter violates the hearsay rule and further argues that the Co-op failed to establish that the letter was mailed to Ward, although the writer testified that he wrote the letter, addressed it to Mr. Ward, and mailed it to him, and Ward did not deny receiving it. We cannot reverse the judgment of the trial court for allowing the letter into evidence. Ward did not dispute that an account existed between himself and the Co-op. In fact, he acknowledges that one did exist, but denied that he received all of the items which the Co-op's invoices indicated had been supplied him. Under these circumstances, it was not error to allow the letter into evidence. According to C. Gamble, McElroy's AlabamaEvidence § 193.06 (3d ed. 1977):
 "As a general rule, a person's failure to reply to a letter received by him, which is not shown to have been a part of a mutual correspondence, is not admissible in favor of the writer and against the recipient as evidence of the truth of the statements contained in the letter. The failure to reply is not considered an implied admission by the recipient.
 "However, if it is shown that the unanswered letter is a part of a mutual correspondence; or, if the existence of a contract or account between the writer and the recipient is not disputed and the letter relates to the contract or account, then the sending of the letter, its contents and the failure of the recipient to reply are all admissible against the recipient as an implied admission of the truth of the assertions in the letter." (Citing Crawford v. Holmes and Waddell, Inc., 280 Ala. 89, 190 So.2d 282 (1966); Denson v. Kirkpatrick Drilling Co., 225 Ala. 473, 144 So. 86 (1932); Humes v. O'Bryan, 74 Ala. 64 (1883)).
The only other alleged error concerns the admission of evidence by the county agent, Ted Smith. Again, we find no error. It is Ward's contention that the trial court erred in allowing this witness to express an opinion without laying a proper predicate. Ward contends that the witness should not have been allowed to express an opinion as to why the hay crop was defective. Apparently, the argument is based upon the assertion that only a soil test could scientifically *Page 980 
show why the crop was inferior, and, therefore, that the trial court erred in allowing the witness to testify, after examining the grasses growing on the lands, that the quality of the grasses was probably caused by a low pH level.
The Co-op argues that whether one is adequately qualified as an expert is largely within the discretion of the trial court. We agree, and as the Court of Criminal Appeals stated inGullatt v. State, 409 So.2d 466, 472 (Ala.Cr.App. 1982), "[a]n individual might be qualified as an expert witness by his study, practice, experience or observation." In this case, the evidence showed that the witness had been the county agent in two counties for several years, and that he had inspected the crops involved in this case. He testified from his observation that his personal opinion was that the quality of the grass was probably the result of low pH, but that only a soil test would scientifically establish the cause. Thus, it is apparent that he expressed only a personal opinion based upon his observations and qualified that by saying that it was not a scientific opinion, but merely a personal opinion based upon his having actually looked at the crop. The trial court did not err in allowing this evidence, and its weight was for the jury.
No other error is claimed. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.