This appeal arises from an action filed by Carmela Jefferies and her husband, Donald Jefferies, alleging that C.W. Bush and his wife, Doris Bush, had trespassed onto the Jefferieses' property by obstructing flowing surface water. The Jefferieses claimed diminution in value of their property and mental anguish caused by the "willful and intentional" conduct of the Bushes.
This action was filed on June 3, 1988. The Bushes answered on June 9, 1988. The Jefferieses filed a motion for a preliminary injunction, but before the trial court acted upon that motion, the parties reached a settlement agreement. Subsequently, the Jefferieses, claiming that the Bushes had not complied with the terms of the settlement agreement, filed a motion to reinstate the proceedings and filed an amended complaint asserting a cause of action for outrage and a cause of action for breach of the settlement agreement. On motion of the Bushes, the trial court granted a partial summary judgment on the claims of outrage and breach of agreement.
On October 25, 1989, the Bushes filed a motion to strike the Jefferieses' claim for mental anguish damages. The trial court granted the motion on January 12, 1990. Mr. Jefferies died on February 12, 1991, and Mrs. Jefferies, as executrix of his estate, was substituted, under Rule 25, A.R.Civ.P. The Bushes moved for a partial summary judgment against the estate of Mr. Jefferies, stating that the real property that was the basis for this action was held jointly with a right of survivorship in Mrs. Jefferies; and that because the only claim for damages pending was diminution in value, the right of action belonged to Mrs. Jefferies, individually only. The trial court granted the motion for summary judgment. The partial summary judgment in favor of the Bushes against the estate of Mr. Jefferies and the order striking the claim for mental anguish were made final by an A.R.Civ.P. 54(b) certification.
The two issues on appeal are whether the action filed by Mr. Jefferies during his life concerning his claim of trespass against the Bushes survived his death and whether the trial court correctly struck the claim for mental anguish damages.
 I.
The first issue is whether this action for trespass survived Mr. Jefferies's death in favor of his personal representative. Trespass is a wrong against the right of possession.AmSouth Bank, N.A. v. City of Mobile, 500 So.2d 1072,1075 (Ala. 1986); Cauley v. Sanders, 388 So.2d 891,895 (Ala. 1980). A trespass action is a personal claim and not a real property claim. Therefore, the action survives in favor of the personal representative of the decedent, in this case Mrs. Jefferies. See § 6-5-462, Ala. Code 1975.
 II.
The second issue is whether the trial court erred in striking the claim for mental anguish damages arising from the alleged trespass by the Bushes. *Page 363 
Prior to the adoption of the Alabama Rules of Civil Procedure, the proper procedure for challenging a claim of damages was by motion to strike, objections to evidence, or a request for instructions to the jury. Milford v.Tidwell, 276 Ala. 110, 159 So.2d 621 (1963); Ringer v.First National Bank of Stevenson, 291 Ala. 364,281 So.2d 261 (1973). However, under our current system of pleading, a motion to strike is very limited in its scope. Rule 12(f) describes the motion and its operation as follows:
 "Motion to strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 30 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."
In this case, the "motion to strike," filed by the Bushes, was filed long after the time for responsive pleading had passed. Also, the Jefferieses' claim for mental anguish damages cannot be said to be "redundant, immaterial, impertinent, or scandalous." Therefore, a "motion to strike" was not the correct vehicle for challenging the Jefferieses' claim for mental anguish damages.
In a situation such as is presented by this case, the proper vehicle for challenging a claim for mental anguish damages would be a motion for partial summary judgment. Often, in this type of situation, the reason for striking the claim for damages is a lack of proof of entitlement to particular damages due to a missing element on the underlying claim. When a lack of evidence of entitlement to the damages claimed is the basis for striking the claim for damages prior to trial, the proper remedy is through a motion for partial summary judgment, A.R.Civ.P., Rule 56(d). Rule 56(d) states:
 "If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."
Under the specific facts of this case, a finding that the Jefferieses were not entitled to damages for mental anguish necessarily involved a finding that the trespass was not committed with insult and contumely. Unless the trespass is attended with words or acts of insult or contumely, damages for mental anguish are not recoverable. See Johnson v.Martin, 423 So.2d 868, 871 (Ala.Civ.App. 1982);Rushing v. Hooper-McDonald, Inc., 293 Ala. 56, 61,300 So.2d 94, 98-99 (1974); Gregath v. Bates,359 So.2d 404, 409 (Ala.Civ.App. 1978).
Therefore, we have determined that the proper standard of review in this case is the standard utilized in an appeal from a summary judgment. A summary judgment is appropriate upon a showing that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. In reviewing a summary judgment, this Court will view the evidence in a light most favorable to the nonmovant and will resolve all reasonable doubts against the movant. Fincher v. Robinson Bros. Lincoln-Mercury,Inc., 583 So.2d 256 (Ala. 1991). The present action was filed in June 1988; therefore, the applicable standard of review is the "substantial evidence rule." See §12-21-12, Ala. Code 1975. "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably *Page 364 
infer the existence of the fact sought to be proved." Westv. Founders Life Assurance Co. of Florida, 547 So.2d 870,871 (Ala. 1989).
Our review of the record reveals that the Bushes made a prima facie showing that the alleged trespass was not attended by words or acts of insult or contumely, and Mrs. Jefferies failed to rebut that showing by presenting substantial evidence that the trespass was attended with words or acts of insult or contumely. Therefore, the trial court properly decided she was not entitled to damages for mental anguish either individually or as the personal representative of Mr. Jefferies's estate. The judgment of the trial court as to damages for mental anguish is affirmed; the judgment of the trial court as to the survival of Mr. Jefferies's trespass cause of action is reversed; and the cause is remanded to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.