Mary Grayson, the defendant, appeals from a judgment based on a jury verdict in favor of Johnnie Gates Dungan, administratrix of the estate of Strougther Herman Dungan, a/k/a Dick Dungan, on a claim alleging that Grayson had failed to fully repay $18,000 lent to her by Dick Dungan. Grayson argues that the trial court abused its discretion by admitting into evidence a letter written by Dick Dungan's lawyer regarding the terms of repayment of the loan. We affirm.
The evidence shows that in November 1988, Dick Dungan lent Grayson $18,000. Although there was no note evidencing the loan, Grayson admitted that she had received the $18,000 from Dungan as a loan, to be repaid within two years. The parties dispute on appeal the terms of repayment of the loan and whether Grayson fully repaid the loan.
In June 1991, Dick Dungan's widow, Johnnie Gates Dungan, representing Dick Dungan's estate, sued Grayson, alleging that she had failed to fully repay the loan. The jury returned a verdict in favor of Dungan in the amount of $16,200. The trial court entered a judgment based on the jury verdict and subsequently denied Grayson's motion for a judgment notwithstanding the verdict, or, in the alternative, for a new trial.
At trial, Grayson argued that she had repaid the loan in full; she produced 3 handwritten receipts for payment in cash, signed by Johnnie Dungan, indicating that Grayson had made payments of $5,000, $6,000, and $7,000, and thus supporting her argument that she had fully repaid the loan. Dungan testified, however, that each of the receipts had been altered, after she had signed them, from the original amounts of $500, $600, and $700.
Dungan presented into evidence an unsigned copy of a December 1988 demand letter from Dick Dungan's lawyer to Grayson calling for repayment of the loan. In relevant part, the letter states:
 "As you know, on November 21, 1988, Mr. Dungan loaned you Eighteen Thousand and 00/100 Dollars ($18,000.00) in return for which you were to convey him one-half of your interest in the business known as E G Incorporated, and pay Mr. Dungan the Eighteen Thousand and 00/100 Dollars ($18,000.00) back within two years at 12% interest. *Page 447 
 "You have refused to comply with this agreement or to sign the papers which Mr. Dungan prepared, and you represented to him you would sign. Therefore, if you do not wish Mr. Dungan to take action against you in Court, you will need to pay the sum of Eighteen Thousand and 00/100 Dollars ($18,000.00) within seven days of the date of this letter. If I fail to hear from you, I will assume you do not wish to settle this matter."
Grayson acknowledged that she received the letter but denied that she had agreed to convey one-half of her interest in the business and to pay 12% interest. She argues that the trial court's admission of the letter into evidence constitutes reversible error because, she argues, it was an offer of compromise, was hearsay, and was not the best evidence, and its admission violated the Dead Man's Statute, Ala. Code 1975, § 12-21-163.
A trial court has great discretion in determining the admissibility of evidence, and its rulings will not be reversed on appeal absent an abuse of discretion.Williams v. Hughes Moving Storage Co., 578 So.2d 1281, 1285
(Ala. 1991); Roberts v. Public Cemetery of Cullman, Inc.,569 So.2d 369, 373 (Ala. 1990). Further, the appellant must establish that the error was prejudicial before the trial court's judgment will be reversed on that basis. AmericanFurniture Galleries, Inc. v. McWane, Inc., 477 So.2d 369, 373
(Ala. 1985). Therefore, we must consider whether the admission of the letter was an abuse of discretion and, if so, whether that error requires a reversal of the trial court's judgment.
Grayson first argues that the letter was inadmissible as an offer of settlement or compromise. See Super Valu Stores, Inc.v. Peterson, 506 So.2d 317 (Ala. 1987). The judgment will not be reversed on the ground of an "improper admission or rejection of evidence . . . unless . . ., after an examination of the entire cause, it [appears] that the error complained of has probably injuriously affected substantial rights of the parties." Rule 45, Ala.R.App.P.; Whisenant v. Nationwide Mut.Fire Ins. Co., 577 So.2d 909 (Ala. 1991).
Grayson argues that the admission of the letter prejudiced her because it was evidence coming from an officer of the court, compared to her testimony, which she says the jury may have been less likely to believe. However, Grayson herself admitted that she had agreed to repay the $18,000 within 2 years, and the jury found that she owed only the portion of that amount it found that she had not repaid: $16,200. The jury did not find that she owed the additional amounts claimed in the attorney's letter, i.e., one-half of her interest in the business and 12% interest on the $18,000. Therefore, any error in admitting the letter would have been mere harmless error in this case. Carnival Cruise Lines, Inc.v. Goodin, 535 So.2d 98 (Ala. 1988) (holding that a civil defendant was not prejudiced by admission of alleged hearsay statements where another witness later testified to identical statements); Davis v. Southland Corp., 465 So.2d 397 (Ala. 1985).
Grayson next contends that the letter constitutes inadmissible hearsay and that the trial court abused its discretion by admitting it into evidence. She argues that the letter constitutes hearsay because, she says, it is an extra-judicial statement offered to prove the existence of the loan agreement. Dungan, however, argues that the letter was not offered to prove the truth of the matter asserted and, accordingly, that the hearsay rule does not apply.
In Ward v. Dale County Farmers Co-op., Inc., 472 So.2d 978
(Ala. 1985), this court held that a letter concerning the nature of a contract was properly admissible, despite a hearsay objection, because the existence of the contract was not in dispute, and that failure to reply to the letter was an implied admission of its truth. In Ward, this Court quoted a well-known treatise on the law of evidence in Alabama:
 "As a general rule, a person's failure to reply to a letter received by him, which is not shown to have been a part of a mutual correspondence, is not admissible in favor of the writer and against the recipient as evidence of the truth of the statements contained in the letter. The failure to reply is not considered an implied admission by the recipient. *Page 448 
 "However, if it is shown that the unanswered letter is a part of a mutual correspondence; or, if the existence of a contract or account between the writer and the recipient is not disputed and the letter relates to the contract or account, then the sending of the letter, its contents and the failure of the recipient to reply are all admissible against the recipient as an implied admission of the truth of the assertions in the letter."
472 So.2d at 979, quoting C. Gamble, McElroy's Alabama Evidence
§ 193.06 (3d ed. 1977).
Grayson admitted both the existence of a contract and her receipt of the letter. Evidence was presented that Grayson did not respond to the letter and that previous loans Dick Dungan had made to Grayson did not call for interest payments. The trier of fact could infer that a reasonable person in Grayson's position would have responded to the letter that she received from Dick Dungan's lawyer. Thus, the letter was admitted to show its effect on Grayson, sometimes referred to as "effect on listener," rather than to prove the truth of the matters asserted in the letter. Therefore, under the rule specified above, the trial court did not abuse its discretion by admitting this letter into evidence.
Grayson also argues that the letter contains hearsay within hearsay because the basis for the statements of Dungan's lawyer is not personal knowledge, but hearsay from Dick Dungan regarding Dungan's conversations with Grayson. However, this does not affect the letter's admissibility, because, as discussed above, it was not offered to prove the truth of the matters asserted in the letter.
Grayson next contends that the trial court erred in admitting the letter because, she says, an unsigned photocopy of the letter from the attorney's files was not the best evidence of the letter she received. Dungan argues that this objection is not properly raised on appeal because, she argues, Grayson's counsel did not object on that basis at trial. Although Grayson's counsel did not specifically object on grounds that the letter did not comply with the best evidence rule, his objection was based on the fact that the copy was of an unsigned letter and was not authenticated; thus, his particular objections implied a "best evidence" objection.
As a general rule, when the original of a writing is in the possession of the opposing party, the party seeking to prove the contents of the writing through secondary evidence may not do so unless that party has given notice to the opposing party to produce the original. Payne v. Crawford, 102 Ala. 387,14 So. 854 (1894); C. Gamble, McElroy's Alabama Evidence § 216.01(1) (4th ed. 1991). However, when a witness testifies at trial, as Grayson did, that the copy exhibited is a true and correct copy of the original, the copy is admissible and the original need not be produced. Kessler v. Peck, 266 Ala. 669,98 So.2d 606 (1957); Vetter v. Federal Deposit Ins. Corp.,426 So.2d 444, 446 (Ala.Civ.App. 1983).
Finally, Grayson argues that the letter was admitted in violation of Ala. Code 1975, § 12-21-163, the Dead Man's Statute. However, we need not address this argument, because that objection was not made at trial with Grayson's other specific objections. State v. Holloway, 293 Ala. 543,307 So.2d 13, 17 (1975); Vetter, 426 So.2d at 445. Accordingly, the trial court's judgment is due to be affirmed.
AFFIRMED.
MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.