THIGPEN, Judge.
This is a workers’ compensation ease.
In June 1994, Kevin L. Wolfe filed a complaint, alleging that he had been injured during the course of his employment with Dun-lop Tire Corporation (Dunlop). Wolfe further alleged that he had suffered a permanent partial disability to his body as a whole. Ultimately, the parties stipulated that Wolfe had been injured in August 1993, that he had received temporary total disability benefits for 9 weeks and permanent partial disability benefits for 20 weeks, and that all medical bills had been paid. They also stipulated that the only issue before the trial court was the degree or extent of the disability.
Following ore tenus proceedings, the trial court found that Wolfe had suffered a 10% permanent impairment to his lower left extremity and that his injury fell within the scheduled-member provisions of Ala.Code 1975, § 25-5-57(a)(3)a. The trial court further determined that Wolfe had already received all of the permanent partial disability benefits he was entitled to under the Act. Wolfe appeals.
Wolfe raises three issues on appeal: (1) whether the trial court erred in finding that he had suffered a 10% permanent impairment; (2) whether the trial court erred in limiting his recovery to the scheduled-member provisions; and (3) whether the trial court erred by failing to admit the deposition of a vocational expert.
The review of this case is governed by the new Workers’ Compensation Act. Therefore, “[i]n reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by sub *1347 stantial evidence.” Ala.Code 1975, § 25-5-81(e)(2). This court has restated this standard of review as follows:
“We will view the facts in the light most favorable to the findings of the trial court. The trial court’s judgment will not be reversed unless it is clear that the trial court’s findings are manifestly contrary to the evidence as contained in the record as a whole or unless it is clear that fair-minded persons in the exercise of impartial judgment would adopt a contrary conclusion.”
Whitsett v. BAMSI, Inc., 652 So.2d 287, 290 (Ala.Civ.App.1994). However, “[t]he new Act did not alter the rule that this court does not weigh the evidence before the trial court.” Edwards v. Jesse Stutts, Inc., [Ms. AV93000545, January 6, 1995] 655 So.2d 1012, 1014 (Ala.Civ.App.1995).
Wolfe first contends that the trial court erred in finding that he had sustained a 10% loss of use of the left leg. Wolfe argues that this finding is contrary to the evidence, and that there was substantial evidence to support a finding that his loss of use was substantially greater than 10%.
Wolfe testified that he injured his knee when he stepped off a 12 to 14 inch platform, and he contends that ultimately surgery was performed on his knee. He further testified that because of the injury, he had sustained a 50% loss of use of his left leg. He also stated that his ability to lift and carry was limited, in that he had a “hard time carrying the hundred-pound feed bags” on his farm, but that he could still handle the fifty-pound bags “fairly well.” He testified that the injury to his knee had affected other parts of his body and that it had limited his ability to perform certain physical tasks. On cross-examination, however, Wolfe testified that his treating physician had released him to return to work, restricting him to light-duty work for 6 weeks. He further testified that he had never returned to the doctor with complaints or to receive additional treatment. He stated that when he left Dunlop in June 1994, he still experienced “a dull throb at the end of the day,” and that it would bother him after standing for long periods of time, such as 12 hours at work.
Dr. Ray Fambrough, an orthopedic surgeon and the treating physician, testified that Wolfe should avoid repetitive squats, deep knee bends, and climbing, “[b]ut other than that he could do his regular job.” He assigned a 10% impairment rating to Wolfe’s lower left extremity. Additionally, Glen Reuben Herron, an occupational therapist, performed a functional capacities evaluation and testified that Wolfe possessed “full active range-of-motion of [his] left knee as compared to [his] right [knee].” Herron further testified that he measured the gross strength and condition of Wolfe’s left knee as 4/5, compared to 5/5 for his right knee, which he considered to be “good.” He stated that there is normally a mild or slight difference between the right and left extremities.
The law is well settled that the trial court, which has the duty to determine the extent of the disability, is not bound by expert testimony; yet, in making its determination, the trial court must consider all the evidence before it, including its own observations, and it must interpret the evidence to its own best judgment. Genpak Corp. v. Gibson, 534 So.2d 312 (Ala.Civ.App.1988). Where conflicting testimony is presented, the findings of the trial court, if supported by the evidence, are conclusive. Acustar, Inc. v. Staples, 598 So.2d 943 (Ala.Civ.App.1992). Our review of the record reveals substantial evidence to support the trial court’s finding regarding the extent of the injury.
Wolfe next contends that the trial court erred in using the scheduled-member provisions of Ala.Code 1975, § 25-5-57(a)(3)a., to compute the benefits for his permanent partial disability. Specifically, he contends that the injury to his knee, a scheduled member, falls outside of the scheduled-member provisions of § 25-5-57(a)(3)a. He argues that the injury to his left knee has affected other parts of his body, causing a decrease in his ability to complete physical tasks and limiting his ability to stand, walk, and run. Wolfe further argues that Dr. Fambrough’s physical impairment rating of 4% to the body as a whole, as well as his restrictions against repetitive bending, squatting, or climbing, supports this contention.
*1348 Our Supreme Court has set forth the test to determine when an injury to a scheduled member falls outside the scheduled-member provisions:
“[Ajlthough the injury itself is to only one part or member of the body, if the effect of such injury extends to other parts of the body, and produces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the member, then the employee is not limited in his recovery under the Workmen’s Compensation Law to the amount allowed under the schedule for injury to the one member.”
Bell v. Driskill, 282 Ala. 640, 646, 213 So.2d 806, 811 (1968).
In the instant case, the trial court expressly found:
“8. There is no evidence in this case that would support removal of this case from the scheduled provisions of the Alabama Worker’s Compensation Act. There was no evidence presented to the Court, medical or otherwise, that the Plaintiffs injury extended beyond the leji leg, nor was there any evidence that the disability caused by the leg injury was greater than what would normally occur with such an injury. E.C. Corp. v. Kent, 618 So.2d 1357 (Ala.Civ.App.1992); Whitehead v. International Paper Co., 610 So.2d 400 (Ala.Civ.App.1992).”
(Emphasis added.) Additionally, Dr. Famb-rough testified that Wolfe would probably not continue to have swelling in his knee area after a while. He further testified that Wolfe was not treated for any condition other than his injury to his left knee. Dr. Famb-rough also stated that he released Wolfe to return to work full-time, performing his regular duties.
Based on the foregoing, and after a careful review of the record, we conclude that Wolfe failed to meet the Bell standard as stated above, and that he simply failed to present evidence that would remove his injury from the scheduled provisions of the Alabama Workers’ Compensation Act. See Sullivan, Long & Hagerty, Inc. v. Goodwin, [Ms. AV92000685 & AV92000713, November 4, 1994] 658 So.2d 493 (Ala.Civ.App.1994), cert. denied (Ala.1995). Further, we cannot say that the trial court’s findings are manifestly contrary to the evidence. Whitsett, supra.
Last, Wolfe contends that the trial court erred by failing to admit the deposition of a vocational report. He argues that because he was not an employee of Dunlop at the time of the trial, the court should have allowed the vocational report into evidence. He further argues that this testimony would have supported his claim of a loss of earning capacity. Having determined that Wolfe’s injury falls within the scheduled-member provisions of § 25-5-57(a)(3)a., we pretermit discussion of this issue.
After a careful review of the record, we cannot say that the trial court’s findings are manifestly contrary to the evidence, or that fair-minded persons would adopt a contrary conclusion. Whitsett, supra. Consistent with those findings, the trial court applied the proper conclusion of law. For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.