837 So.2d 829 (2001)
DRUMMOND COMPANY, INC.
v.
Kenneth C. PATE.
2000212.
Court of Civil Appeals of Alabama.
July 13, 2001.
William Anthony Davis III and Blake D. Andrews of Starnes & Atchison, L.L.P., Birmingham, for appellant.
James C. King and Robert O. Bryan of King & Warren, Jasper, for appellee.
THOMPSON, Judge.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(A), Ala. R.App.P.; § 25-5-81(e)(2), Ala.Code 1975; Bell v. Driskill, 282 Ala. 640, 213 So.2d 806 (1968); Pemco Aeroplex, Inc. v. Moore, 775 So.2d 215 (Ala.Civ.App.1999); and Brown v. Champion Int'l Corp., 693 So.2d 24 (Ala.Civ.App.1996).
YATES, P.J., and CRAWLEY, J., concur.
PITTMAN and MURDOCK, JJ., dissent.
MURDOCK, Judge, dissenting.
The plaintiff in this case, Pate, is covered by the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975. In March 1996, Pate suffered an injury to his knee, a portion of a scheduled member under § 25-5-57(a)(3), Ala.Code 1975, i.e., *830 his leg. See Smith v. Michelin N. Am., Inc., 785 So.2d 1155 (Ala.Civ.App.2000). Unless Pate falls within the exception to scheduled-member recovery articulated in Bell v. Driskill, 282 Ala. 640, 213 So.2d 806 (1968), his recovery is prescribed by § 25-5-57(a)(3)a. and/or § 25-5-57(a)(3)d.
In Bell, our Supreme Court stated:
"[A]lthough the injury itself is to only one part or member of the body, if the effect of such injury extends to other parts of the body, and produces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the member, then the employee is not limited in his recovery under the Workmen's Compensation Law to the amount allowed under the schedule for injury to the one member."
282 Ala. at 646, 213 So.2d at 811.
In the present case, the trial court's judgment contains no express statement as to whether the plaintiff proved facts that satisfy the Bell standard.[1] Nonetheless, assuming the trial court made the requisite findings, I have carefully reviewed the record and find no substantial evidence that the effect of Pate's injury "extends to other parts of the body" or produces a "greater or more prolonged incapacity than that which naturally results from" the partial loss of use of a leg. See E.C. Corp. v. Kent, 618 So.2d 1357 (Ala.Civ.App.1992) (finding no legal evidence that the knee injury in that case met the Bell standard, and noting that "a knee injury which causes a partial [loss of] use of a leg comes within the provisions of a scheduled injury").
Accordingly, I must respectfully dissent.
PITTMAN, J., concurs.
NOTES
[1] The trial court does state: "The injuries suffered by the plaintiff are continuing and causing him to experience severe, extreme and disabling pain." The trial court's order does not state that the injury extends beyond Pate's leg and, after reviewing the record, I find no substantial evidence that it does. Furthermore, while there is ample evidence that Pate continues to have substantial problems with his left knee, I find no evidence in the record that the pain he experiences is continuous or extreme.

Representative of the testimony given by Pate, who has continued to work full-time (including overtime) since approximately two months after the accident, are the following exchanges:
"Q. Could you tell the judge a little bit about some of those problems you were having [at the time you went back to work at the Drummond Company following your injury]?
"A. Well, if I had to reallythe days I had to exert myself, my knee swelled. I'd haveit would be inflamed. It would be red looking, and a lot of pain.
"Q. And you are working now, aren't you?
"A. Yes, sir.
"Q. Are you still having any of those problems today?
"A. Yes.
"Q. Same type thing?
"A. Same type thing.
"....
"Q. If you're on your feet long, does that pose any problem to you?
"A. Some, yes. Just about anything I do bothers my knee to a certain extent. Some more than others.
"....
"Q.... You're not taking medication every day for your knee?
"A. No, not every day. What I'm saying is, days that I have to really exert on my knee and do a lot of walking or whatever, and I come home and it's swelled up and hurting and you can't go to sleep, I take some.
"Q. That doesn't occur on a day-to-day basis?
"A. No, not every day.'"