MOORE, Judge.
 

 Hugh Rush appeals from an order of the Mobile Circuit Court (“the trial court”) denying Rush’s motion to set aside an earlier judgment entered by the trial court approving a workers’ compensation settlement between Rush and East Bay Electric, LLC (“East Bay”). We affirm.
 

 Procedural History
 

 On April 15, 2009, Rush and East Bay filed a “joint petition for approval of settlement” in the trial court. In that petition, Rush alleged that he had been injured in an accident that occurred in the course of his employment with East Bay. The parties asserted that they had agreed to settle Rush’s disputed claims arising out of the accident for the sum of $20,000, that Rush was releasing East Bay from “all liability and obligation to [Rush] for compensation benefits arising out of the alleged injury to [Rush]; INCLUDING any and all rights to recover past, present, and future medical expenses necessary and directly related to the subject injury,” and that Rush was waiving the right to vocational rehabilitation. (Capitalization in original.) The petition also stated that Rush was represented by Terrell Stubbs, that Stubbs was entitled to a fee up to 15% of the settlement amount for his legal services on Rush’s behalf, and that Stubbs had agreed to accept $3,000 in attorney’s fees. Stubbs signed the petition as Rush’s attorney.
 

 On May 21, 2009, the parties filed an “amended joint petition for approval of settlement” (“the amended petition”), and the trial court conducted a hearing on the amended petition that same date. The amended petition largely repeated the statements contained in the original petition, except that the amended petition deleted the references to Stubbs and the $3,000 attorney’s fee.
 

 During the settlement hearing, Rush testified that he had consulted with Stubbs, who was described as being a Mississippi attorney, regarding the settlement; however, Rush did not explain why Stubbs was not present at the hearing or why the amended petition did not provide attorney’s fees for Stubbs. Rush orally requested that the trial court approve the amended petition. The trial court entered a judgment on May 21, 2009, approving the amended petition. That judgment did not award any attorney’s fees to Stubbs. On that same date, Rush filed a “satisfaction of judgment” that stated that the judgment had been satisfied in full by direct payment.
 

 On September 17, 2009, Rush filed a motion to set aside the trial court’s judgment.
 
 [1]
 
 Rush asserted that Stubbs had not appeared in the case because he had not been admitted to practice law in Alabama
 
 “pro hac vice,
 
 or otherwise.” Rush attached to his motion a settlement state
 
 *1113
 
 ment and receipt and acknowledgment dated May 27, 2009, in which he had consented to paying Stubbs $5,000 as attorney’s fees, which equates to 25% of the $20,000 settlement funds, and $2,100 as expenses out of the settlement funds. Rush attested in an affidavit attached to his motion that he had not been informed that Stubbs “was only entitled to 15% of my settlement” and that he had since learned that Stubbs had taken an attorney’s fee in excess of the amount permitted by Alabama law.
 
 See
 
 § 25-5-90, Ala. Code 1975 (establishing maximum attorney’s fee of 15% of compensation paid). Rush alleged that East Bay’s workers’ compensation insurance carrier knew that Stubbs would take an attorney’s fee because it had made the settlement check payable jointly to Stubbs and Rush, as evidenced by a copy of the March 17, 2009, check attached as an exhibit to the motion. Rush alleged, moreover, that counsel hired by East Bay’s workers’ compensation insurance carrier had deleted the reference to attorney’s fees in the final settlement documents filed with the trial court. Rush contended that Stubbs’s collection of any fee, “much less one for more than the statutory amount,” rendered the judgment approving the settlement void and that the judgment should be set aside because the failure to notify the trial court of the attorney’s fees constituted a fraud on the court.
 

 East Bay filed a response to the motion to set aside the judgment approving the settlement in which East Bay argued that the settlement should not be set aside because, it argued, “[a]ny fee arrangement between ... Stubbs and [Rush] that was not part of the settlement in Alabama has nothing to do with [East Bay], [its] counsel, or ... [Paula] Harris, as representative of the insurance carrier.” East Bay attached to its response an affidavit from Paula Harris, a supervisor for Avizent Risk, East Bay’s workers’ compensation carrier, in which Harris attested that she had negotiated the settlement with Stubbs and that, upon reaching an agreement with Stubbs, she had contacted East Bay’s attorney, Rudene Crowe, to draft the settlement documents and to handle the settlement hearing before the trial court. East Bay also filed Stubbs’s affidavit in which Stubbs stated that he originally thought the workers’ compensation claim could be filed in Mississippi but that, after concluding that the claim could be filed only in Alabama, he nevertheless continued to negotiate a settlement at Rush’s insistence until he reached an agreement with Harris. Stubbs stated that Crowe’s office subsequently sent him the settlement documents to review. Stubbs then called Crowe and informed Crowe that he was not admitted to practice law in Alabama and that he would not be taking a fee “on the Alabama workers’ compensation claim, nor would [he] be attending any settlement hearing.” According to Stubbs, the settlement documents were then revised to delete any reference to Stubbs’s taking an attorney’s fee. Following the settlement hearing, Crowe forwarded to Stubbs the “settlement documents, along with the settlement check.” Stubbs then stated as follows:
 

 “The funds that I took out of the settlement check were payment for time spent on legal matters, which not only included counseling [Rush] and assisting [Rush] with his workers’ compensation claim, but other legal matters as well, regarding which Hugh Rush and I had a confidential fee agreement. My confidential fee agreement with Hugh Rush did include that a portion of my fees were not only for assisting Hugh Rush in negotiating the settlement reached on the workers’ compensation claim, but also was for other legal matters I was
 
 *1114
 
 and still currently am, handling for him.”
 

 Stubbs also attested that he had loaned Rush $2,000, as evidenced by two $1,000 checks made payable to Rush, and that he and Rush had agreed beforehand that the $2,000 would be treated as a reimbursable expense under their confidential fee agreement.
 

 On October 16, 2009, before the trial court could rule on the pending motion to set aside the judgment approving the settlement, Rush filed an “amended petition/complaint” in which he asserted claims for “wilful and intentional removal/failure to install/failure to repair safety device,” negligent design, and workers’ compensation benefits against East Bay; Riviera Utilities Corporation; Earl Anderson, a co-employee; and certain fictitiously named defendants. On November 3, 2009, the trial court denied Rush’s motion to set aside the judgment. Rush filed a notice of appeal to this court on November 9, 2009. On November 16, 2009, East Bay filed a motion to dismiss or, in the alternative, to strike the claim for workers’ compensation benefits asserted in Rush’s amended petition/complaint; the trial court granted the motion to strike the workers’ compensation claim on November 17, 2009.
 

 Discussion
 

 “Although neither party has raised the issue of jurisdiction, ‘[mjatters of jurisdiction are of such importance that a court may consider them ex mero motu.’ ”
 
 Nelson v. Nelson,
 
 10 So.3d 603, 605 (Ala.Civ.App.2008) (quoting
 
 Trousdale v. Tubbs,
 
 929 So.2d 1020, 1022 (Ala.Civ.App.2005)). Ordinarily, an appeal will lie only from a final judgment.
 
 See Naylor v. Naylor,
 
 981 So.2d 440, 441 (Ala.Civ.App.2007). In this case, Rush appeals from an order denying his motion to set aside a judgment approving a workers’ compensation settlement. That order, which was entered on November 3, 2009, did not resolve the claims asserted in Rush’s amended petition/complaint filed on October 16, 2009. On November 17, 2009, the trial court purported to grant East Bay’s motion to strike the workers’ compensation claim asserted in Rush’s amended petition/complaint, but that order was a nullity because this court attained jurisdiction of the case on November 9, 2009, when Rush filed his notice of appeal.
 
 See Long v. City of Hoover,
 
 855 So.2d 548, 551 (Ala.Civ.App.2003). Thus, the November 3, 2009, order did not completely adjudicate all claims pending in the trial court.
 

 We conclude, however, that Rush did not properly amend his complaint on October 16, 2009. At the point Rush purported to amend his complaint, the case had already been terminated by the judgment approving the settlement and the satisfaction of that judgment as recorded by the clerk of the court. Rush had filed a motion to set aside that final judgment, but the trial court had not acted on that motion. Hence, the case remained closed and Rush was not free to amend his complaint under that same civil-action number.
 

 In
 
 Dudley v. Mesa Industries,
 
 770 So.2d 1082, 1083 (Ala.2000), the employee sued his employer both for workers’ compensation benefits and for damages pursuant to § 25-5-11, Ala.Code 1975. The trial court approved a workers’ compensation settlement agreement releasing the employer from “‘any and all claims for compensation and vocational rehabilitation benefits’ ” and simultaneously purported to grant the employee’s motion requesting leave to amend his complaint to add additional claims and defendants. 770 So.2d at 1083. The employee later amended his complaint, and the trial court subsequently dismissed all the employee’s remaining claims because, it concluded, its order approving the settlement agreement had
 
 *1115
 
 been a final adjudication of the entire action and the subsequent amendment to the original complaint, therefore, had been ineffective.
 
 Id.
 
 The Alabama Supreme Court determined, however, that because workers’ compensation claims are distinct from third-party tort actions based on § 25-5-11, the trial court’s order approving the settlement agreement had applied only to the employee’s claims for workers’ compensation and vocational benefits, while his claims under § 25-5-11 remained pending and, thus, the trial court had not adjudicated all the employee’s claims.
 
 Id.
 
 at 1084-85. As a result, the trial court retained jurisdiction over the employee’s claims that had been added by his amended complaint.
 
 Id.
 
 at 1085.
 

 In the present case, at the time the settlement agreement had been approved by the trial court, Rush had no remaining pending claims. As a result, the trial court's judgment granting the amended settlement petition acted as a final adjudication. Based on
 
 Dudley,
 
 we conclude that the trial court did not acquire jurisdiction over the claims asserted in Rush’s amended petition/complaint. As a result, upon the trial court’s denial of Rush’s motion to set aside that judgment, the case was finally adjudicated. Thus, we have jurisdiction to consider the appeal filed by Rush.
 

 On appeal, Rush first argues that the trial court’s failure to include an award of attorney’s fees in its judgment approving the settlement of his workers’ compensation claim was error based on the language of § 25-5-90(a), Ala.Code 1975, which provides, in pertinent part:
 

 “Unless otherwise provided in this chapter, no part of the compensation payable under this article and Article 4 of this chapter shall be paid to an attorney for the plaintiff for legal services, unless upon the application of the plaintiff, the judge shall order or approve of the employment of an attorney by the plaintiff; and in such event, the judge, upon the hearing of the complaint for compensation, either by law or by settlement, shall fix the fee of the attorney for the plaintiff for his or her legal services and the manner of its payment, but the fee shall not exceed 15 percent of the compensation awarded or paid.”
 

 Citing
 
 Smith v. Michelin North America, Inc.,
 
 785 So.2d 1155 (Ala.Civ.App.2000), Rush argues that the word “shall” makes § 25-5-90(a) mandatory, that the trial court committed reversible error when it failed to award attorney’s fees in its judgment, and that, as a result, that judgment is void.
 

 In
 
 Smith,
 
 the trial court declined to award attorney’s fees to the employee in a workers’ compensation case because attorney’s fees were not requested in the complaint and Smith’s attorney did not request attorney’s fees at the hearing. 785 So.2d at 1157. Smith’s attorney represented Smith after applying for and receiving the approval of the trial court pursuant to § 25-5-90(a); this court determined that the trial court had erred in failing to award attorney’s fees because of the use of the word “shall” in § 25-5-90(a). 785 So.2d at 1160. Judge Yates, joined by Judge Monroe, dissented as to that holding in
 
 Smith,
 
 arguing that § 25-5-90(a) required that a fee be requested by the attorney.
 
 Id.
 
 at 1161 (Yates, J., concurring in part and dissenting in part).
 

 Smith
 
 holds that when an attorney has applied for and received judicial permission to represent a workers’ compensation claimant pursuant to § 25-5-90, “in such event” the judge, upon the hearing approving a settlement negotiated by that attorney, must fix the fee of the attorney. However,
 
 Smith
 
 does not hold that a judge approving a workers’ compensation settle
 
 *1116
 
 ment has a duty to fix a fee for an attorney who has not applied for and received judicial permission to represent the workers’ compensation claimant. In fact, the plain terms of § 25-5-90(a) preclude an attorney from collecting any part of a workers’ compensation settlement “unless upon the application of the plaintiff, the judge shall order or approve of the employment of an attorney by the plaintiff.” A judgment awarding fees to an unapproved attorney would be in violation of § 25-5-90(a).
 

 In the present case, Stubbs originally petitioned the trial court for an award of attorney’s fees; however, Stubbs later withdrew that petition. The trial court heard testimony that Rush had consulted Stubbs in relation to the settlement, but the trial court was obviously aware that Stubbs was not representing Rush at the settlement hearing because Stubbs was not even present. The trial court did not approve Stubbs to represent Rush at any point. Thus, the trial court did not have any occasion to even consider awarding Stubbs any attorney’s fees. The trial court therefore did not “fail” to address Stubbs’s attorney’s fees; rather, it actually performed its statutory duty by not awarding Stubbs any attorney’s fees. The evidence submitted in support of, and in opposition to, the motion to set aside the judgment only provides additional bases for the trial court’s original decision not to award attorney’s fees by showing that Stubbs was not admitted to practice law in Alabama, which would be required for approval of his representation, and that Stubbs did not intend to take attorney’s fees for representing Rush on the workers’ compensation claim. We conclude, therefore, that Rush’s argument that the trial court’s decision not to award attorney’s fees pursuant to § 25-5-90(a) renders the judgment approving the settlement void is without merit.
 
 [2]
 

 Rush next argues that Stubbs’s taking excessive attorney’s fees amounted to a fraud on the court that requires reversal of the trial court’s denial of Rush’s motion to set aside the judgment, pursuant to Rule 60(b), Ala. R. Civ. P., or § 25-5-56, Ala.Code 1975.
 
 [3]
 
 Citing
 
 Ex parte Free,
 
 910 So.2d 753 (Ala.2005), Rush asserts that the trial court should have granted his motion for relief from the judgment pursuant to
 
 *1117
 
 Rule 60(b), Ala. R. Civ. P., which states, in pertinent part, that “the court may relieve a party ... from a final judgment” for, among other things, “fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.”
 

 In
 
 Free,
 
 the plaintiff, Dorothy Free, had been represented by a group of attorneys in a workers’ compensation action. 910 So.2d at 754. The trial court entered a judgment in the workers’ compensation action in favor of Free, but her attorneys allegedly failed to inform her of that judgment and allegedly negotiated a settlement with her employer’s insurance company pursuant to which Free received only a fraction of the compensation she had been awarded in the judgment and the attorneys received a fee amounting to 34.5% of that agreed upon compensation.
 
 Id.
 
 The attorneys then allegedly deceived Free into signing the settlement documents without giving her an opportunity to read them. The trial court subsequently entered a judgment approving the settlement based partly on the terms of the settlement documents and partly on Free’s testimony that she agreed to the terms of those documents. Allegedly, Free then learned the true facts, and she filed a complaint against her attorneys for money damages on claims alleging fraud and conversion, among others, which the trial court dismissed.
 
 Id.
 
 at 754-55. On appeal, the supreme court rejected the argument that the trial court had properly dismissed the action because it amounted to a collateral attack on the judgment approving the settlement.
 
 Id.
 
 at 755. The supreme court noted that
 
 “Black’s Law Dictionary
 
 686 (8th ed. 2004) defines ‘fraud on the court’ as follows: ‘In a judicial proceeding, a lawyer’s or party’s misconduct so serious that it undermines or it intended to undermine the integrity of the proceeding.’ ”
 
 Id.
 
 at 756. The supreme court then determined that the allegations of Free’s complaint were such that it could not say as a matter of law that the actions by the defendant attorneys did not constitute fraud on the court, and it reversed the trial court’s order dismissing Free’s complaint against the defendant attorneys.
 
 Id.
 
 at 756-57.
 

 Rush alleges that, like in
 
 Free,
 
 he was not properly informed of his rights by his attorney and that, after the hearing and after receiving the settlement funds, his attorney retained more than the statutory maximum prescribed by § 25-5-90(a). The present case, however, is distinguishable from
 
 Free.
 
 In
 
 Free,
 
 Free’s attorneys allegedly obtained a judgment awarding them attorney’s fees in excess of the statutory maximum by concealing a prior judgment from Free and by tricking Free into signing documents and testifying before the trial court that she had agreed to the exorbitant fee. In turn, the trial court relied upon the allegedly fraudulently induced documents and testimony when approving the attorney’s fees in its judgment. In this case, the trial court did not enter any judgment approving the fees and expenses later taken by Stubbs. The judgment itself does not give Stubbs any right to any portion of the settlement proceeds. Hence, the judgment approving the settlement cannot be considered to have been procured by a fraud upon the court simply because Rush agreed to pay Stubbs amounts from the settlement that Stubbs had not been awarded.
 
 [4]
 

 Free
 
 does not support Rush’s argument.
 

 
 *1118
 
 Rush also argues that a fraud had been committed upon the court because, he says, at the time of the settlement hearing East Bay’s representatives knew Stubbs would collect attorney’s fees and knowingly concealed that fact from the trial court in order to obtain approval of the settlement. However, Stubbs stated in his affidavit, without contradiction, that he had informed Crowe that he would not be taking attorney’s fees for representing Rush on his workers’ compensation claim. Based on that statement, the trial court reasonably could have determined that Crowe deleted from the settlement petition any reference to attorney’s fees being awarded to Stubbs based solely on her understanding that no such fees would be taken by Stubbs.
 

 Rush counters that East Bay must have believed that Stubbs would be taking attorney’s fees because, he says, the settlement check was made payable jointly to Rush and Stubbs. However, the evidence in the record shows that the settlement check was issued on
 
 March 17, 2009,
 
 well before Stubbs first informed Crowe that he was not admitted to practice in Alabama and that he would not be taking attorney’s fees for representing Rush on his workers’ compensation claim. From all that appears in the record, at the time the settlement check was issued, East Bay’s representatives had no reason to believe that Stubbs could not lawfully represent Rush and receive attorney’s fees. Rush did not present any evidence to the trial court indicating that, after Stubbs told Crowe he would not take attorney’s fees, either Rush or Stubbs requested the issuance of a new settlement check made payable solely to Rush. The evidence in the record does not rule out that, simply for the sake of expediency, Crowe sent the settlement check to Stubbs for his endorsement with an understanding that the proceeds would be distributed entirely to Rush in accordance with the terms of the judgment approving the settlement. In other words, under the circumstances presented here, the trial court did not have to infer that East Bay’s representatives knew Stubbs would take attorney’s fees based on the mere fact that the settlement check remained payable jointly to Stubbs and Rush.
 

 The trial court exercises its discretion when determining whether to set aside a judgment approving a workers’ compensation settlement, and its judgment will not be reversed on appeal except for an abuse of that discretion.
 
 Erwin v. Harris,
 
 459 So.2d 928, 931 (Ala.Civ.App.1984). Based on the record before us, we cannot say that the trial court exceeded its discretion in deciding not to set aside the judgment approving the settlement. Therefore, we affirm the trial court’s judgment.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . In that motion, Rush asserted as one ground for setting aside the judgment that he had been misinformed by Stubbs and certain representatives of East Bay’s workers’ compensation insurance carrier that psychological injuries are not compensable under the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975 (“the Act”). In parts of his brief to this court, Rush tangentially refers to that ground for relief from the judgment approving the settlement, but in the argument section Rush does not contend that the judgment approving the settlement should have been set aside due to the alleged misrepresentations as to the compensability of psychological injuries under the Act. Furthermore, Rush cites no legal authority to support such an argument. Accordingly, we conclude that Rush has waived any argument as to that issue under Rule 28, Ala. R.App. P., and we will not address that issue further.
 

 [2]
 

 . Rush also cites
 
 Sokoll v. Humphrey, Lutz & Smith,
 
 337 So.2d 362 (Ala.Civ.App.1976), for the proposition that § 25-5-90(a) requires that attorney’s fees be limited by the trial court. We agree that § 25-5-90(a) precludes an attorney from collecting attorney’s fees exceeding 15% of the compensation payable under the settlement. However, the trial court did not award any attorney's fees in this case, so we fail to see how the judgment violates § 25-5-90.
 

 [3]
 

 . Section 25-5-56, Ala.Code 1975, which discusses settlements between parties in workers’ compensation cases, provides that ”[s]ettlements made may be vacated for fraud, undue influence, or coercion, upon application made to the judge approving the settlement at any time not later than six months after the date of settlement.” Thus, Rule 60(b), Ala. R. Civ. P., is inapplicable in reviewing this issue on appeal.
 
 See Hawkins
 
 v.
 
 Jim Walter Res., Inc.,
 
 600 So.2d 1052, 1053-54 (Ala.Civ.App.1992), and Rule 81, Ala. R. Civ. P. To the extent, however, that a "fraud upon the court” is a species of fraud separate and distinct from fraud in general, Rule 60(b) may apply.
 
 See Ex parte Free,
 
 910 So.2d 753 (Ala.2005) (addressing an independent cause of action alleging fraud on the court to reverse a settlement in a workers' compensation case under Rule 60(b)), and
 
 Wal-Mart Stores, Inc. v. Green,
 
 740 So.2d 412 (Ala.Civ.App.1999) (§ 25-5-56 does not prevent a party from seeking relief pursuant to Rule 60(b) on grounds other than fraud, undue influence, or coercion). Because we are affirming the trial court’s judgment and concluding that Rush failed to make the necessary showing that fraud had been committed, we pretermit any further discussion regarding the applicability of § 25-5-56 or Rule 60(b).
 

 [4]
 

 . Because the issue is not before us, we make no determination as to whether Rush has any valid claim against Stubbs for taking attorney's fees out of Rush’s workers’ compensation settlement without judicial approval.